**Hong Jing LIN, Petitioner,**

v.

**John ASHCROFT, Attorney General of United States of America, Respondent.**

**No. 01–2831.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 16, 2002.

Decided Dec. 18, 2002.

Before SLOVITER, RENDELL, and GREENBERG, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Hong Jing Lin petitions for review of the final order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. The BIA upheld the Immigration Judge's decision to deny Lin's motion to reopen finding that Lin failed to establish ineffective assistance of counsel under *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), and that he waived the argument that the Immigration Judge coerced him into withdrawing his asylum application by not raising it as a direct appeal or as part of his motion to reopen before the Immigration Judge. App. at 2.

Inasmuch as the parties are familiar with the factual and procedural background of this case, we refer only to those facts as are pertinent to the issues under consideration.

Lin is a native and citizen of the People's Republic of China. He and his wife have a son who was born in China. Lin filed a request for asylum in the United

States on December 31, 1992. On April 6, 2000, he attended an asylum hearing before Immigration Judge Henry Dogin. Lin sought asylum based on persecution on account of his political opinion because of China's population control program. He testified that the Chinese Government forced his wife to have a late-term abortion. However, at the hearing, after giving a significant amount of testimony with the aid of his counsel, Lin withdrew his applications for asylum and withholding of removal. He requested and received a grant of voluntary departure.

On July 3, 2000, Lin filed a motion to reopen his asylum application and removal proceedings with the Immigration Judge. The Immigration Judge denied his motion. Lin then appealed the Immigration Judge's decision to the BIA. 8 C.F.R. § 3.2. On June 11, 2001, the BIA denied his motion to reopen. The Petitioner timely filed an appeal of the BIA's order with this court.

## I.

This court has jurisdiction to review a final order of removal by the BIA pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen under an abuse of discretion standard. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). The Supreme Court has stated that "[m]otions for reopening of immigration proceedings are disfavored," noting that "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Id.* We will not disturb the BIA's discretionary decision unless it was "arbitrary, irrational or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir.1994) (citation omitted).

In *Doherty*, the Supreme Court reaffirmed that there are:

'at least' three independent grounds on which the BIA might deny a motion to reopen—failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.

502 U.S. at 323, 112 S.Ct. 719 (emphasis added). Relying on this language in *Doherty*, Lin argues that the BIA's denial of his motion to reopen does not fall in any of the three categories. He contends that he did establish a prima facie case for asylum based on China's family planning policy as persecution on account of political opinion. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, H.R. 3610, 104th Cong. § 601(a)(1) (1996). In addition, he argues that he sought to introduce previously unavailable, material evidence.

■ Lin's argument is not persuasive. First, the grounds set out in *Doherty* are illustrative but nothing in the opinion suggests they are meant to be exhaustive. In fact, the third independent ground listed by the Court so states, making explicit that even if the petitioner satisfied either or both of the first two grounds, reopening is discretionary. *Doherty*, 502 U.S. at 323, 112 S.Ct. 719. Therefore, even had Lin established a prima facie case for asylum and introduced previously unavailable, material evidence, the BIA still maintained the authority and discretion to deny his motion to reopen on other grounds.

■ Second, the BIA considered the issue of whether Lin introduced previously unavailable, material evidence and accepted the Immigration Judge's decision on the issue. Although the Immigration Judge acknowledged that Lin presented some previously mistranslated documents

for consideration with his motion to re-open, the Immigration Judge determined, and the BIA affirmed, that it was not material evidence because "a proper trans-lation would not have been any more pro-bative" and the mistranslation was "incon-sequential." App. at 41. Moreover, the Immigration Judge held that the evidence was not previously unavailable because Lin had "ample time" to review the documents prior to his asylum hearing. App. at 41. We will not disturb the BIA's findings because they are not arbitrary, irrational or contrary to law. Therefore, the BIA did not err by denying Lin's motion to reopen due to his failure to introduce pre-viously unavailable, material evidence.

■ The Petitioner also argues that he was prejudiced by his attorney's negli-gence and should be granted a new hear-ing based on ineffective assistance of coun-sel. The BIA affirmed the dismissal of this claim because Lin failed to establish that he was prejudiced by his attorney's negligence and failed to satisfy the *Lozada* requirements on appeal. To establish inef-fective assistance of counsel, Lin had the burden to show that he filed a complaint with a disciplinary authority. *Lozada*, 19 I & N at 639. However, prior to his BIA appeal, Lin dismissed his complaint, filed with the Bar Association of New York,° against the attorney who represented him at his asylum hearing without providing an explanation for the dismissal. App. at 4. Consequently, the BIA did not err by de-nying his motion to reopen his asylum proceedings based on an ineffective assis-tance of counsel claim.

Finally, Lin argues that the BIA erred because it failed to consider his coercion claim. He contends that he did not volun-tarily withdraw his requests for asylum and withholding of removal. Rather, Lin states that the Immigration Judge coerced him to withdraw his asylum application by making threats that if he did not abandon the claim the Judge would have Lin imme-diately handcuffed, detained and deported. Lin argues that the BIA failed to consider this evidence because it deemed that he had waived the claim.

The BIA held that Lin waived the coer-cion claim by raising it for the first time before the BIA. App. at 2. It ruled that Lin's "contention should have been raised as either a direct appeal of the Immigra-tion Judge's April 6, 2000 [order in Lin's removal proceeding] or part of the motion to reopen." App. at 2. Lin had failed to include his coercion claim in his motion to reopen before the Immigration Judge where he limited his motion to ineffective assistance of counsel. App. at 47. Al-though Lin argues that the BIA cannot find that a claim has been waived if a party fails to raise it before the Immigration Judge, he fails to provide any support for that argument.

■ In any event, Lin's coercion claim is without merit. Lin's own counsel initi-ated the withdrawal of his asylum applica-tion and withholding of removal request. Moreover, the Immigration Judge re-peatedly asked Lin whether the withdraw-al of his claims was voluntary to which Lin responded in the affirmative. App. at 40–41. Thus, the BIA's decision was not arbi-trary, irrational, or contrary to law.

## II.

For the reasons discussed above, we will affirm the BIA's order of June 11, 2001 denying Lin's motion to reopen his remov-al proceedings.